UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADONNA STILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00449-TCK-JFJ |
| ) | |
| WHIRLPOOL CORPORATION, ) | |
| PENSKE LOGISTICS, LLC, ) | |
| PENSKE TRUCK LEASING ) | |
| CORPORATION d/b/a PENSKE ) | |
| TRUCK RENTAL, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by defendant Penske Logistics, LLC pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 18. Plaintiff Ladonna Stills opposes the motion. Docs. 23, 32.

**I. BACKGROUND**

Plaintiff, an employee of Penske Logistics, LLC ("Penske Logistics"), alleges she was injured in a workplace accident when a truck she was driving flipped over on September 6, 2018. Plaintiff filed a compensation claim for her alleged injuries with the Oklahoma Worker's Compensation Commission, identifying Penske Logistics as her employer. Penske Logistics responded to the claim, and the parties are currently participating in proceedings in that matter. Plaintiff filed the pending lawsuit in Tulsa County District Court on August 13, 2020. Doc. 2-1, Petition. Penske Logistics removed the case to this Court on September 8, 2020, and subsequently filed the pending Motion to Dismiss, asserting that Plaintiff's claims against it are barred by

Oklahoma law because the state's Administrative Worker's Compensation Act requires that all workers compensation actions against an employer be adjudicated through the Worker's Compensation Commission. Docs. 2, 18.

## II. APPLICABLE LAW

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

## III. ALLEGATIONS OF THE COMPLAINT

On September 6, 2018, Plaintiff, an employee of Penske Logistics, was seriously injured when the truck she was driving flipped over at Whirlpool Corporation's facility in Tulsa County. Petition, Doc. 2-1, ¶¶ 11-12. Penske Logistics leased trucks from Penske Truck Leasing ("PTL") and/or Penske Truck Rental ("PTR"). Upon information and belief, PTL and/or PTR were

responsible for the maintenance and repairs of the trucks leased to Penske Logistics. *Id.*, ¶ 14. Plaintiff drove the truck on Whirlpool Corporation's premises, and Whirlpool employees were responsible for unloading the trucks. *Id.,* ¶15.

In the time leading up to the accident, Plaintiff had informed Penske Logistics that there was an issue with the truck she was driving. *Id.*, ¶16. Penske Logistics notified Penske Truck Leasing ("PTL") and/or Penske Truck Rental ("PTR"), and took the truck to PTL and/or PTR to be repaired. *Id.*, ¶16. PTL and/or PTR returned the truck to Penske Logistics, who then returned it to Plaintiff to drive. *Id.* Th truck continued to malfunction, and Plaintiff again informed Penske Logistics, which returned the truck to PTL and/or PTR once again to repair the same issue. *Id.* After Plaintiff received the truck back, she continued to inform Penske Logistics that the issue had not been properly fixed, but PTL and/or PTR continued to fail to properly repair the issue, and Penske Logistics failed to ensure that the truck was properly repaired and safe for operation. *Id.*

On September 6, 2018, due to the continued failed attempts by Penske Logistics, PTL and PTR to properly remedy the situation, and Whirlpool's failure to properly unload the trailer, the truck flipped on its side, injuring Plaintiff. *Id.*, ¶17. As a direct and proximate result of Defendants' negligent, reckless and intentional conduct, Plaintiff sustained personal injuries requiring medical treatment. *Id.*, ¶18.

Plaintiff asserts claims for negligence and gross negligence against Whirlpool, Penske Logistics, PTL and PTR, and seeks actual damages in excess of $75,000, as well as punitive damages. *Id.*, ¶¶19-43.

### IV. Analysis

Penske Logistics contends Plaintiff's claims against it are barred by the Administrative Worker's Compensation Act of Oklahoma ("ACWA"), 85A Okla. Stat. §5A, which provides:

> The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee . . .against the employer. . . on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity or persona of any employer, principal, officer, director, employee, or stockholder other than that existing the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Under the ACWA, an aggrieved employee may bring an action in civil court only if (1) the employer fails to secure the payment of compensation which is due to the employee, or (2) the employer caused the injury by committing an intentional tort. 85A Okla. Stat. §5(B)(1) and (2).[1] Plaintiff's Petition is devoid of any allegations that Penske Logistics failed to secure payment of compensation due Plaintiff. Nor does the Petition allege facts which show it is at least as likely as it is not that Penske Logistics acted with the purpose of injuring Plaintiff. To the contrary, the Petition states that, in response to Plaintiff's complaints, Penske Logistics took the truck to Penske

---

[1] Specifically, the statute states:

> B. Exclusive remedy shall not apply if:
>
> 1. An employer fails to secure the payment of compensation due to the employee as required by this act. An injured employee, or his or her legal representative in case death results from the injury, may, at his or her option, elect to claim compensation under this act or to maintain a legal action in court for damages on account of the injury or death; or
>
> 2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer' conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.

*Id.*

Truck Leasing and/or Penske Truck Rental for repairs at least two times. Therefore, the ACWA's exclusive remedy provision bars Plaintiff from asserting a negligence claim against Penske Logics in any court other than one established under ACWA.

Moreover, Plaintiff's claims against Penske Logistics are barred because Plaintiff is currently maintaining an action before the Worker's Compensation Commission. ACWA provides:

> If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either before the Commission or in the district court, **but not both**.

85A Okla. Stat. §5(I) (emphasis added). Accordingly, Plaintiff is barred from maintaining an action against Penske Logistics in Oklahoma District Court or in this Court.

### V. Conclusion

For the foregoing reasons, Penske Logistics LLC's Motion to Dismiss is hereby granted.

ENTERED THIS 3rd DAY OF DECEMBER, 2020

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**